NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3866

UNITED STATES OF AMERICA

v.

LEVAN MORALES,

Appellant

On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 1-08-00100-001)
Honorable Gregory M. Sleet, District Judge

Submitted under Third Circuit LAR 34.1(a)
June 25, 2010

BEFORE: SMITH, FISHER, and GREENBERG, Circuit Judges

(Filed: June 30, 2010)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before the Court on appellant Levan Morales's appeal from

a judgment of conviction and sentence entered in this criminal case on September 25,

2009.[1] Morales conditionally pled guilty to an indictment charging him with possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) after being convicted of a crime punishable by imprisonment for a term exceeding one year. Morales entered the plea pursuant to an agreement dated May 21, 2009, that preserved his right under Federal Rule of Criminal Procedure 11(a)(2) to appeal from an order dated April 7, 2009, denying his motion to suppress evidence. The Court entered the April 7, 2009 order after a trial-type hearing at which the Court heard testimony from several witnesses. Under the plea agreement, if we reversed on Morales's appeal of the April 7, 2009 order he could withdraw his plea of guilty. As we will explain, Morales raises two issues on this appeal, both addressing his claim that the District Court should have granted his motion to suppress. Morales's contentions center on the application of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868 (1968). We regard this case as involving legal determinations and thus we are exercising plenary review. See United States v. Laville, 480 F.3d 187, 190-91 (3d Cir. 2007).

The District Court set forth the background of this case and its findings of facts and conclusions of law in its memorandum of April 7, 2009, accompanying its order of that day and thus we do not repeat those elements of its memorandum at length. It is sufficient to note that Sergeant Michael Rodriguez and Detectives Danny Silva and

---

[1]The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Randy Pfaff of the Wilmington Police Department stopped an automobile in which Morales was a passenger and from which he alighted. At that time, by reason of certain aspects of Morales's conduct, Rodriguez suspected that he was carrying a concealed firearm. Consequently, Rodriguez attempted to stop Morales from walking away from the scene but initially was unsuccessful. However, by use of a Taser Rodriguez incapacitated Morales following which Rodriguez rolled Morales over, searched him, and recovered the firearm. An arrest and prosecution followed. During these events Rodriguez was wearing a vest marked "police." The District Court believed that Silva and Pfaff were wearing similarly marked vests but there is no evidence in the record supporting that belief.

The two issues Morales raises on appeal are:

1.   When police effect a <u>Terry</u> stop by use of a Taser device, but fail to adequately identify themselves as police officers, may evidence be suppressed on the ground that the use of force was unreasonable?

2.   Did the District Court clearly err when it found that detectives Pfaff and Silva were wearing 'police' vests during the course of the <u>Terry</u> stop?

We are in full accord with the District Court's disposition of this case and thus will affirm. We, however, note the following. Regardless of whether the use of the Taser and the methods used in the subsequent search constituted unreasonable uses of force, the <u>Terry</u> search was justified. Accordingly, the possible illegality with respect to the use of force did not invalidate the otherwise lawful recovery of the firearm. Thus, when viewed

3

in the suppression context in this case, Morales's excessive use of force argument is immaterial. See United States v. Watson, 558 F.3d 702, 704 (7th Cir. 2009). Nor does it matter whether the Court erred in finding that Pfaff and Silva were wearing vests marked "police" because they did not make the Terry stop. Plainly Rodriguez who made the stop and made the search wore a vest marked "police."

The judgment of conviction and sentence entered September 25, 2009, will be affirmed.